IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-17-D-RJ

| | |
|---|---|
| ROBERT J. MORGAN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| TOWNE PROPERTIES, LLC, BRITTANY WOODS HOMEOWNER'S ASSOCIATION, INC., PEACRE LAYDEN, | ) |
| Defendants. | ) |

This matter is before the clerk on the pro se plaintiff's motion for entry of default [DE-7] For the reasons set forth below, the plaintiff's motion is denied.

Plaintiff initiated this case by filing a complaint [DE-1] along with proposed incomplete summonses [DE-1-2]. The clerk did not issue the summonses at case opening, and instead on January 18, 2023, issued a notice requesting that plaintiff submit completed proposed summonses for each defendant within 14 days [DE-4].

On February 2, 2023, plaintiff filed a declaration of service of summons and complaint on defendants [DE-6]. Therein, he declared that he deposited with the United States Postal Service an envelope addressed to Towne Properties, LLC (NC), containing the original summons addressed to Towne Properties LLC and Brittany Woods Homeowner's Association and a copy of the complaint [DE-6, ¶ 1]. Plaintiff also declared that he deposited with the United States Postal Service an envelope addressed to Layden Pearce, containing the original summons and a copy of the Complaint [DE-6, ¶ 2]. He asserted that service on Towne Properties LLC (NC) constitutes service on Brittany Woods Homeowner's Association, Inc., because Towne Properties is the agent for Brittany Woods.

On February 8, 2023, plaintiff filed the instant motion for entry of default. Eventually, on March 1, 2023, plaintiff submitted proposed summonses in response to the clerk's notice [DE-9], and the clerk issued the summonses on March 3, 2023 [DE-10].

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that defendants have failed to file an answer or otherwise appear in this action in this court. Plaintiff has not, however, shown by affidavit or otherwise that any defendant has been properly served with the summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure. Without being properly served, a defendant has no obligation to file an answer or appear in this action. *See Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), *Henderson v. Los Angeles Cnty.*, No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); *see also* Fed. R. Civ. P. 12(a)(1)(A).

Rule 4 requires a summons to be served with a copy of the complaint by a non-party to the action who is at least 18 years of age. *See* Fed. R. Civ. P. 4(c)(1)-(2). A summons must be signed by the clerk and contain the court's seal. *See* Fed. R. Civ. P. 4(a)(1)(F)-(G). Once a plaintiff submits a properly completed summons, the clerk must issue it to the plaintiff for service on the defendant. *See* Fed. R. Civ. P. 4(b). In this case, plaintiff could not have served defendants with a

proper summons that was signed by the clerk and contained the court's seal because he did not submit completed summonses (and the clerk therefore could not issue them) until well after he filed the motion for entry of default. Moreover, even if plaintiff did serve proper summonses on defendants, the service still would be deficient because plaintiff himself deposited the envelopes in the mail. "Even when service is effected by use of the mail, only a nonparty may place the summons and complaint in the mail." *Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020) (quoting *Costien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)); *see also Saimplice v. Ocwen Loan Servicing, Inc.*, 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019); *Shreve v. Stephenson*, No. 5:22-CV-163-BO, 2023 WL 2333874, at *3 (E.D.N.C. March 2, 2023). Plaintiff did not, therefore, effect service in accordance with Rule 4 of the Federal Rules of Civil Procedure. Defendants, as of yet, have no obligation to appear and defend in this action.

Accordingly, plaintiff's motion for entry of default [DE-7] is DENIED.

SO ORDERED. This the *10* day of March, 2023.

Peter A. Moore, Jr.
Clerk of Court

3